# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 16, 2019
(**Not to be published**)

| | | |
|---|---|---|
| ANGELIA R. ANDREWS, | * | |
| | * | No. 16-0196V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Oler |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Duplicative Billing; |
| | * | Administrative Tasks; Expert Costs. |
| Respondent. | * | |

*Fred Alexander O'Neill*, Perkins & O'Neill, LLC, Thayer, MO, for Petitioner.

*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On February 8, 2016, Angelia Andrews ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she developed connective tissue disease as a result of her receipt of the Fluvirin ("flu") and Pneumovax ("pneumococcal") vaccinations on August 2, 2014. *See* Petition ("Pet."), ECF No. 1. Petitioner now requests an award of interim attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **Accordingly, this decision will be accessible by anyone with access to the internet.** In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

1

## I. The Instant Motion

On September 6, 2019, Petitioner filed an application for interim attorneys' fees and costs ("Interim Motion"), requesting $8,746.89 in attorneys' fees for her counsel of record, Fred O'Neill of Perkins and O'Neill ("PN"), and $23,899.83 in attorneys' costs, for a total of $32,646.72. *See* Interim Motion, ECF No. 33 at 1; *see also* Ex. A at 1, attached as ECF No. 33-1 (hereinafter referred to as "Ex. A"); *see also* Ex. B at 4, attached as ECF No. 33-2 (hereinafter referred to as "Ex. B"). A review of the Interim Motion does not reflect that Petitioner herself has borne any out-of-pocket expenses up to this point in the litigation. *See generally* Interim Motion.

Respondent filed a response to Petitioner's Interim Motion on September 20, 2018. Respondent's Response, ECF No. 34. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds that he "defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award," but is "satisfied the statutory and other legal requirements for an award of attorneys' fees and costs are met. *Id.* at 2. He "respectfully recommends that [I] exercise [my] discretion and determine a reasonable award" for interim attorneys' fees and costs. *Id.* at 3.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's Interim Motion, awarding **$4,436.89** in attorneys' fees and **$16,971.93** in costs, for a total of **$21,408.82**.

## II. Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). The Federal Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. However, *Avera* did not exclusively define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2013 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel."). By the time an entitlement hearing may be scheduled in this case, Petitioner, and her counsel, will have been litigating this claim for more than three years. Thus, I find it reasonable to award interim attorneys' fees and costs at this juncture to avoid undue hardship for Petitioner's counsel.

### III. Reasonable Attorneys' Fees

If interim fees are deemed appropriate, a petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner brought his/her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. at 154 (2012); *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Respondent did not raise any objection to the good faith or reasonable basis for the claim. I find the petition was filed in good faith and with a reasonable basis. As there is no other reason to deny the award of interim fees and costs, I will award Petitioner's reasonable interim attorneys' fees and costs in this instant decision.

While Respondent did not contest the billing rate or specific entries, the special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 303 (2008), *aff'd*, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

#### A. Requested Hourly Rates

Petitioner requests compensation for her attorney, Mr. Fred O'Neill. Petitioner requests the following hourly rates for work performed by Mr. O'Neill from 2015 to 2018:

|      | Mr. O'Neill |
|------|-------------|
| 2015 | $200.00     |
| 2016 | $200.00     |
| 2017 | $200.00     |
| 2018 | $200.00     |

#### B. Hourly Rates Awarded

As articulated in *McCulloch v. Sec'y of Health & Human Servs.*, a petitioner is generally awarded forum rates within rate ranges based on their years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *see generally Avera*, 515 F.3d at 1343. Awarding forum rates may be rejected, however, if the special master finds that the majority of the work is performed in a locale outside of D.C., and the local rate is very significantly lower than the forum rate. *See McGrath v. Sec'y of Health & Human Servs.*, No.

3

15-0275V, 2016 WL 8257731, at *2 (Fed. Cl. Spec. Mstr. Oct. 27, 2016); *see also Avera*, 515 F.3d at 1349.

Here, Mr. O'Neill has not previously practiced in this Program and, as such, his rate has yet to be determined. Ex. B at 1. In this present case, I find Mr. O'Neill's requested rate of $200 per hour to be reasonable. Therefore, Petitioner's requested hourly rate for Mr. O'Neill is awarded in full.[3]

### C. Reduction of Billable Hours

Based on my review of the billing records submitted with Petitioner's Interim Motion (*see generally* Ex. B), I find that Mr. O'Neill billed hours that I consider "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d at 1521 (Fed. Cir. 1993). For example, the time entries submitted with Petitioner's Interim Motion reflect that Mr. O'Neill billed 21.55 hours for time spent learning how to practice and prosecute a claim in this Program.[4] *See* Ex. B at 1. The Program does not compensate an attorney for such costs, and only reimburses costs associated with substantive work performed on a petitioner's case. *See Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016)("it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."); *see also Carter v. Sec'y of Health and Human Servs.*, No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007)("an inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

Furthermore, as Mr. O'Neill is new to practice in the Program, I caution him against billing for administrative tasks such as updating internal files, conducting internal communications, processing payments, organizing mailings, and electronically filing documents.[5] Attorneys should also avoid block billing, wherein an attorney may invoice for multiple tasks in a single entry, thus

---

[3] After a thorough analysis of the billing entries, it seems that numerous entries were not billed at the requested $200 per hour rate, but rather at $60 per hour. It is unclear whether this rate is attributed to a paralegal or an administrative assistant. Work performed by each member of a firm must be separated, and an hourly rate must be requested for each attorney or paralegal. In the future, Mr. O'Neill should be cognizant of comingling billing entries for work performed by different members of PN or at different rates without further explanation.

[4] The following billing entries represent tasks not associated with substantive work on Petitioner's case but rather time spent on gaining generalized knowledge regarding practice in the Vaccine Program: billing entries on 3/30/2015 ("read about vaccination compensation"), 4/23/2015 ("Review vaccination compensation fund; admission record; vaccination definition table"), 4/24/2015 ("review definitions of adverse symptoms"), 4/28/2015 ("review court website; listed to info. regarding the court program and reviewed rules re requirement for medical records"), 4/29/2015 ("work on securing necessary information certificate for admission"), 4/30/15 ("worked on admission process"), 5/13/15 ("prepared application for admission and put together for delivery to Clerk"). Ex. B at 2.

[5] Several of the billing entries invoiced at the hourly rate of $60 per hour include tasks that are non-compensable administrative tasks. *See generally* Ex. B. Since the time billed for administrative tasks is minimal, however, I will not reduce the fees in this instance.

co-mingling time that is not compensable with time that is compensable. For such entries, it is impossible to determine the precise portion of the time billed that should be compensated. I note that it is counsel's burden to document the fees claimed. *See Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 29, 2009); *see also Broekelschen v. Sec'y of Health & Human Servs.*, 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing a petitioner's attorneys' fees award and criticizing counsel in that case for block billing). Indeed, the Vaccine Program's *Guidelines for Practice* state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[6]

Accordingly, I will reduce the total award of Petitioner's requested attorneys' fees to reflect only fees associated with the prosecution of Petitioner's case. This results in a reduction of 21.55 hours, or a reduction of Petitioner's Vaccine Act attorneys' fees award by **$4,310.00**.[7]

Therefore, Petitioner is awarded attorneys' fees in the amount of **$4,436.89**.[8]

### IV. Reasonable Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding such costs. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs*., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $23,899.83 in attorneys' costs. Ex. A at 1; Ex. B at 4. The requested costs herein can be sorted into two different categories: (1) expert costs and (2) miscellaneous case

---

[6] *Guidelines for Practice Under the National Vaccine Injury Compensation Program* ("*Guidelines for Practice*") at 67 (revised January 18, 2019) found at: https://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf (last visited on March 27, 2018).

[7] The total hours reduced was derived from the summation of all of the non-compensable billing entries listed in footnote 4.

| Total Hours Reduced | = | 21.55 |
| Hourly Rate | = | $200.00 |
| **Total Reduction of Attorneys' Fees** | = | **$4, 310.00** |

[8]
| Attorneys' fees requested | = | $8,746.89 |
| Reduction | = | ($4,310.00) |
| **Total awarded Vaccine Act attorneys' fees** | = | **$4,436.89** |

costs, to include costs for filing fees, obtaining medical records, and mailing costs.

### A. Expert costs for Petitioner's expert, Dr. Thomas Zizic

#### i. Expert Hourly Rate

Petitioner requests costs for the work performed by Dr. Thomas Zizic as an expert in this case. Dr. Zizic billed at a rate of $570 per hour for a total of $23,313.00. *See* Ex. A at 1.  I find Dr. Zizic's requested rate to be higher than the usual rates awarded to experts in the Program.  In fact, no expert in this Program is currently awarded hourly rates higher than $500 per hour.  It is unclear why Dr. Zizic billed at this elevated rate, when he has previously invoiced at and been awarded $400 per hour for his work performed in several other cases in this Program. *Bourche v. Sec'y of Health and Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5-6 (Fed. Cl. Spec. Mstr. May 11, 2017); *Hales v. Sec'y of Health & Human Servs.*, No. 14-552V, 2017 WL 1366069, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2017); *see generally Keenan v. Sec'y of Health & Human Servs.*, No. 17-189V, 2018 WL 2772307 (Fed. Cl. Spec. Mstr. May 2, 2018).  To date, Dr. Zizic has consistently been awarded $400 per hour for his work by other special masters, and I find that rate is more reasonable in comparison to his requested rate.  Thus, I will award Dr. Zizic an hourly rate of $400 per hour.

#### ii. Time Expended by Expert

Petitioner submitted an invoice pertaining to the work Dr. Zizic performed on this case. *See* Ex. A.  Dr. Zizic's invoice includes detailed entries illustrating the type of task completed and the time expended on each task. Ex. A at 2-3.  Dr. Zizic spent 1.2 hours on case related correspondence, 25.70 hours on reading and reviewing materials, and 14 hours on drafting the report.[9] *Id*.  Combined, Dr. Zizic's time spent on Petitioner's case, as invoiced, was 40.9 hours. *Id*.

I find the time spent by Dr. Zizic on reviewing medical records, researching articles, and drafting his report to be inflated.  First, Dr. Zizic states that he spent 8.2 hours reviewing 177 pages of medical records submitted by Petitioner.  This results in a reviewing speed of 21.6 pages per hour, or about a page every three minutes.  I find this to be an unreasonable speed at which to review medical records.  Second, Dr. Zizic spent 17.95 hours researching and reviewing medical literature. Given that no literature has been filed in this case, it is impossible to determine whether this amount of time was reasonable in light of the volume and complexity of the literature reviewed.  However, in general, I find that spending 17.95 hours conducting research for a 4.5 pages substantive report is too long.  Finally, Dr. Zizic spent 13.75 hours formulating his expert opinion.  Of his 16-page report, 11 pages contained an outlined medical history and only 4.5 pages contained substantive discussion of Dr. Zizic's opinion.  Presumably, the medical history was compiled during the review of the medical records, suggesting that Dr. Zizic spent the majority of the 13.75 hours drafting his 4.5-page opinion.

For the reasons outlined above, I find the billing entries in Dr. Zizic's invoice to be inflated

---

[9] While these totals were provided by Dr. Zizic, I note that he actually spent 1 hour on case related correspondence, 26.15 hours on reading and reviewing materials, and 13.75 hours on drafting the report. Ex. A at 2-3.  In my conducting my calculations, I will use the actual totals listed here.

6

and would generally reduce the hours awarded.  However, as it is Mr. O'Neill's first time practicing in this program, I recognize that these determinations are novel.  Rather, I caution Mr. O'Neill and Dr. Zizic to be cognizant of my reasoning above when invoicing for future expert reports.  As such, I will award Dr. Zizic his requested 40.9 hours in this present instance.

Therefore, I award Petitioner a total of **$16,360.00** in expert costs.[10]

### B. Miscellaneous case costs

I have reviewed all other costs totaling $586.83 incurred by Petitioner's attorney, including costs for obtaining medical records, filing fees, and mailing costs.  *See* Ex. B at 4.  I find most of those expenses to be reasonable.  However, I note that Mr. O'Neill invoiced $43.29 for "Medical Records Copy Fees" on May 23, 2016 but did not submit proof of payment. Ex. B at 4. Rather, Mr. O'Neill did include an invoice from Burton Creek Rural Clinic, LLC for $68.49. ECF No. 37 at 8.  This amount is not included in the total costs calculations.

Therefore, I will award Petitioner **$611.93** in miscellaneous attorneys' costs, to include adjustments for the above-mentioned costs.

### C. Summary of Attorneys' Costs Awarded

Based upon the above analysis, calculating the reductions for attorneys' costs results in the following adjustments:

| | | |
|---|---|---|
| **Attorneys' costs requested**: | = | $23,899.83 |
| Reductions for Dr. Zizic's expert costs: | = | ($6,953.00) |
| Adjustment of Misc. Costs | = | $25.1 |
| **Total Attorneys' costs awarded**: | | **$16,971.93** |

### V. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, **I GRANT IN PART** Petitioner's Interim Motion, as follows:

| | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| Attorneys' Fees | $8,746.89 | $4,310.00 | $4,436.89 |
| Litigation Costs | $23,899.83 | $6,927.9 | $16,971.93 |
| | | | **Grand Total:  $21,408.82** |

---

[10] 
| | | |
|---|---|---|
| Total hours awarded | = | 40.9 hours |
| Hourly rate awarded | = | $400/hour |
| **Total Expert Costs Awarded** | = | **$16,360.00** |

      I therefore award a total of **$21,408.82** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Mr. Fred Alexander O'Neill, Esq., representing attorneys' fees in the amount of $4,436.89, plus costs in the amount of $16,971.93.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[11]

      **IT IS SO ORDERED.**

      **/s/ Katherine E. Oler**
      Katherine E. Oler
      Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.