# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 14, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ANGELIA R. ANDREWS, | * | |
| | * | |
| Petitioner, | * | No. 16-196V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Fred A. O'Neill*, Perkins & O'Neill, LLC, Thayer, MO, for Petitioner.
*Christine M. Becer*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 28, 2016, Angelia Andrews ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that she suffered connective tissue disease as a result of either the Pneumovax or the influenza vaccinations she received on August 2, 2014. Pet. at 1. On October 21, 2021, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 59)

On October 28, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 60). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $6,680.20, representing $560.20 in attorneys' fees and $6,120.00 in attorneys' costs.[3] Respondent

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

[3] The undersigned notes that Petitioner's motion requests payment of $6,620.00 Fees App. at 1. However, this amount appears to be miscalculated based upon the attorneys' fees invoice totaling $560.20 and the two expert invoices totaling $6,120.00.

responded to the motion on November 12, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 61). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned previously determined the claim possessed good faith and reasonable basis in awarding interim attorneys' fees and costs on April 16, 2019 (ECF No. 39), and the claim maintained good faith and reasonable basis until it was dismissed by the undersigned's reasoned decision. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

Petitioner requests that her attorney, Mr. Fred O'Neill, be compensated at $200.00 per hour for all work performed in this case. The undersigned accepted this hourly rate as reasonable when awarding interim attorneys' fees and finds that it is still reasonable for the work billed for in the instant motion.

### b.   Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v.*

*Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable. However, the undersigned notes that $120.00 was billed on filing documents. The undersigned previously noted to counsel that such tasks should not be billed for. *Andrews v. Sec'y of Health & Human Servs.*, No. 16-196V, 2019 WL 3408929, at *3 (Fed. Cl. Spec. Mstr. Apr. 16, 2019). The undersigned shall therefore not compensate this time. Petitioner is therefore awarded final attorneys' fees of $440.20.

    c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,120.00 in attorneys' costs for the work of her expert, Dr. Zizic. The undersigned finds these costs to be reasonable and supported with adequate documentation, and they shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $560.20 |
| (Reduction to Fees) | - ($120.00) |
| **Total Attorneys' Fees Awarded** | **$440.20** |
| | |
| Attorneys' Costs Requested | $6,120.00 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,120.00** |
| | |
| **Total Amount Awarded** | **$6,560.20** |

**Accordingly, the undersigned awards a lump sum in the amount of $6,560.20, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Fred. O'Neill.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

                                                  **s/ Katherine E. Oler**
                                                  Katherine E. Oler
                                                  Special Master